IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00494-BNB

ANTONIO AGUILAR,

    Applicant,

v.

RAE TAMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION FOR STAY

---

    This matter is before the court on the motion titled "Stay and Abeyance" (ECF No. 19) filed by Applicant, Antonio Aguilar. Mr. Aguilar asks the court to stay this action while he exhausts state remedies. The court must construe the motion liberally because Mr. Aguilar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied without prejudice.

    Mr. Aguilar is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Aguilar has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7) in which he challenges the validity of his conviction in Jefferson County District Court case number 03CR2633. Mr. Aguilar asserts nine claims for relief in the Application. On May 3, 2013, the court ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On June 12, 2013, Respondents filed a Pre-Answer Response (ECF No. 17) arguing that four of Mr. Aguilar's claims are procedurally defaulted and that one claim is unexhausted. Respondents concede that the instant action is timely and that Mr. Aguilar's other claims are exhausted. On June 27, 2013, Mr. Aguilar filed a reply (ECF No. 20) to the Pre-Answer Response.

Mr. Aguilar alleges in the motion for a stay that he has not exhausted all of his state remedies and that he "filed this federal action in fear of running out of time." (ECF No. 19 at 2.) He specifically asks the court to grant a stay so he "may exhaust all state actions to continue with [his] federal action for all [his] issues are related to the filing of [his] federal habeas." (*Id.*) Mr. Aguilar does not specify which of his federal constitutional claims are unexhausted or even whether the federal constitutional claims he seeks to exhaust are among the nine claims asserted in the Application.

To obtain habeas relief, an applicant ordinarily must exhaust the available state remedies. *See* 28 U.S.C. § 2254(b)(1). Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies on a particular claim is a matter of district court discretion. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, even if Mr. Aguilar is asserting an unexhausted claim, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Mr. Aguilar's motion to stay may be granted only if: (1) he has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Mr. Aguilar fails to demonstrate a stay is appropriate because he fails to demonstrate good cause for his failure to exhaust state remedies prior to filing the instant action. According to Respondents, the one-year limitation period currently is tolled and it will continue to be tolled as long as Mr. Aguilar has a properly filed postconviction motion pending in state court. *See* 28 U.S.C. § 2244(d)(2). Furthermore, because Mr. Aguilar fails to identify the federal constitutional claims for which he seeks to exhaust state remedies, the court cannot determine whether those claims potentially are meritorious or even whether a stay is necessary to exhaust those claims. Mr. Aguilar's failure to identify the federal constitutional claims for which he seeks to exhaust state remedies also means the court is unable to determine whether Mr. Aguilar needs to seek the court's permission to amend his application to assert additional claims.

For these reasons, the court finds that the motion for a stay must be denied at this time. The motion will be denied without prejudice to the filing of an amended motion that specifies the claims for which Mr. Aguilar seeks to exhaust state remedies and that addresses the requirements set forth in *Rhines* that are discussed above.

Finally, the court will address the motion for appointment of counsel (ECF No. 18) Mr. Aguilar filed on June 25, 2013. "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969). Mr. Aguilar's claims in this habeas corpus action have not passed initial judicial evaluation yet and no determination has been made as to whether an evidentiary

hearing is necessary.  Therefore, the motion will be denied without prejudice as premature.  Accordingly, it is

ORDERED that the motion for a stay (ECF No. 19) is denied without prejudice.  It is

FURTHER ORDERED that **within twenty one (21) days from the date of this order** Mr. Aguilar shall file an amended motion for stay that complies with this order, if he still seeks a stay.  It is

FURTHER ORDERED that if Mr. Aguilar fails to file a motion for stay within the time allowed, the court will proceed on the current record.  It is

FURTHER ORDERED that the motion for appointment of counsel (ECF No. 18) is denied without prejudice as premature.

DATED July 12, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge