IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-00494-MSK

ANTONIO AGUILAR,

      Applicant,

v.

RAE TAMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO DISMISS IN PART

---

      Applicant Antonio Aguilar is a prisoner in the custody of the Colorado Department of

Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr.

Aguilar has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

(ECF No. 7) ("the Application") challenging the validity of his conviction and sentence in

Jefferson County District Court case number 03CR2633.  On May 3, 2013, Magistrate Judge

Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of

those defenses in this action.  On June 12, 2013, Respondents filed a Pre-Answer Response (ECF

No. 17) arguing that four of Mr. Aguilar's claims are procedurally defaulted and that one claim

is unexhausted.  Respondents concede that the instant action is timely and that Mr. Aguilar's

other claims are exhausted.  On June 25, 2013, Mr. Aguilar filed a motion (ECF No. 19) asking

that this action be stayed while he exhausts state remedies.  On June 27, 2013, Mr. Aguilar filed

a reply (ECF No. 20) to the Pre-Answer Response.

On July 12, 2013, Magistrate Judge Boland entered an order denying the motion for a stay without prejudice and directing Mr. Aguilar to file an amended motion within twenty-one days if he intends to seek a stay. Magistrate Judge Boland determined that the original motion for a stay was deficient because Mr. Aguilar failed to identify the claims for which he seeks to exhaust state remedies and he failed to address the factors the district court must consider in determining whether a stay is appropriate. *See Rhines v. Weber*, 544 U.S. 269 (2005) (discussing relevant factors). On August 6, 2013, Mr. Aguilar filed an amended motion for a stay (ECF No. 22).

The Court must construe the Application and other papers filed by Mr. Aguilar liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

The factual background of Mr. Aguilar's conviction and sentence, and certain state court proceedings relevant to that conviction and sentence, were summarized by the Colorado Court of Appeals as follows:

> ¶ 2  As relevant to this appeal, defendant and his companions broke into the victim's home, bound and gagged the victim, and covered him with a mattress. They then ransacked the victim's home and carried items away. The victim was unable to free himself and consequently died.

> ¶ 3  On February 1, 2005, a jury found defendant guilty of first

> degree burglary, second degree burglary, theft, robbery and
> conspiracy to commit robbery.  The jury could not reach a verdict
> on a charge of felony murder and a mistrial was granted with
> respect to that charge.  Prior to the scheduled retrial, defendant
> pled guilty to second degree murder in exchange for dismissal of
> the felony murder charge.  On April 15, 2005, the trial court
> sentenced defendant to a total of fifty-seven years in the custody of
> the Department of Corrections.
>
> ¶ 4  Defendant directly appealed his lesser convictions and related
> sentence.  On August 21, 2008, a division of this court merged
> defendant's first and second degree burglary convictions and
> affirmed the judgment in all other respects.  *People v. Aguilar*,
> (Colo. App. No. 05CA0925, 2008 WL 3878158, Aug. 21, 2008)
> (not published pursuant to C.A.R. 35(f)) (*Aguilar I*).
>
> ¶ 5  On January 6, 2009, defendant filed a pro se Crim. P. 35(c)
> motion alleging nine instances of ineffective assistance of counsel.
> The district court issued a written order denying defendant's
> claims without holding a hearing.  This appeal followed.

*People v. Aguilar*, – P.3d –, 2012 WL 5265972 at *1 (Colo. App. Oct. 25, 2012).  The Colorado

Court of Appeals affirmed the trial court's order denying the postconviction Rule 35(c) motion.

*See id.*  According to Respondents, Mr. Aguilar's petition for writ of certiorari in the

postconviction Rule 35(c) proceedings remains pending in the Colorado Supreme Court.

Mr. Aguilar asserts the following nine claims for relief in the Application:

> Claim 1: Violation of double jeopardy because the trial court allowed the felony
> murder charge to be retried following Mr. Aguilar's burglary conviction at the
> first trial.
>
> Claim 2: Violation of due process because the prosecution's testing of DNA
> evidence consumed the sample.
>
> Claim 3: Violation of due process because the trial court allowed an expert
> witness to testify about population frequency statistics.
>
> Claim 4: Violation of due process because the evidence was insufficient to
> support the convictions for robbery and theft.

3

<u>Claim 5</u>: Violation of due process because "it is neccissary [sic] that the specific conduct which constitutes the ulterior crime be clearly defined in order to determine if the defendants [sic] intent was that prescribed by the burglary statute." (ECF No. 7 at 12.)

<u>Claim 6</u>: Violation of due process because the prosecution was allowed to amend the burglary charge after the close of evidence.

<u>Claim 7</u>: Violation of due process because of prosecutorial misconduct during closing argument.

<u>Claim 8</u>: Violation of due process because the trial court failed to instruct the jury on the lesser included offense of manslaughter.

<u>Claim 9</u>: Violation of due process because there was no factual basis for applicant's guilty plea to second degree murder as a crime of violence.

## II.  AMENDED MOTION TO STAY

Before addressing the affirmative defenses raised by Respondents in their Pre-Answer Response, the Court first will address the amended motion for a stay.  Mr. Aguilar apparently seeks a stay in order to exhaust a due process claim regarding spousal testimony.  (*See* ECF No. 22.)  Mr. Aguilar also states that he may need to return to state court to exhaust his double jeopardy claim, which is claim one in the Application, if the Court determines the claim is not exhausted.

To obtain habeas relief, an applicant ordinarily must exhaust the available state remedies.  *See* 28 U.S.C. § 2254(b)(1).  However, when presented with a mixed petition that includes both exhausted and unexhausted claims, a district court has discretion to grant a stay and hold the action in abeyance while the applicant returns to state court to exhaust the unexhausted claims.  *See Rhines v. Weber*, 544 U.S. 269 (2005).  In exercising that discretion, the Court notes that "stay and abeyance should be available only in limited circumstances."  *Id.* at 277.  Thus, a stay

is appropriate only if:  (1) Mr. Aguilar has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that Mr. Aguilar has engaged in intentionally dilatory litigation tactics.  *See id.* at 277-78.

The amended motion for a stay will be denied.  To the extent Mr. Aguilar seeks a stay to exhaust a due process claim regarding spousal testimony, the Court notes that Mr. Aguilar does not assert such a claim in the Application.  Therefore, it does not appear that a stay is necessary. Furthermore, even if the Court assumes Mr. Aguilar intends to seek permission to amend the Application to add a due process claim regarding spousal testimony, he fails to allege specific facts in support of the claim demonstrating he is entitled to relief.  As a result, the Court cannot determine whether the claim potentially is meritorious.  *See id.*  The Court also finds that Mr. Aguilar fails to demonstrate good cause for failing to exhaust state remedies with respect to the due process claim regarding spousal testimony, or any other unexhausted claim, prior to filing a federal habeas corpus action.

To the extent Mr. Aguilar argues that a stay may be necessary in order to return to state court to exhaust his double jeopardy claim, the Court finds that the request for a stay is moot because, for the reasons discussed below, the double jeopardy claim is procedurally barred. Therefore, the amended motion for a stay will be denied.

### III.  ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

### IV.  EXHAUSTION OF STATE REMEDIES

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

**A.  Claim One**

6

As noted above, claim one is a double jeopardy claim premised on the fact that the trial court allowed the felony murder charge to be retried following Mr. Aguilar's burglary conviction at his first trial.  According to Mr. Aguilar, this sequence of events resulted in a violation of double jeopardy because the burglary charge was the underlying felony used to support the felony murder charge.

Respondents maintain that the double jeopardy claim is not exhausted because, although Mr. Aguilar raised a claim in the state court postconviction proceedings that trial counsel was ineffective by failing to advise him about double jeopardy following the mistrial (*see* ECF No. 17-6 at 9-18), Mr. Aguilar has not raised in any state court proceeding the same free-standing double jeopardy claim he is raising as claim one in the Application.  Mr. Aguilar alleges in the Application that he exhausted state court remedies for his double jeopardy claim in the postconviction Rule 35(c) proceedings.  (*See* ECF No. 7 at 10.)

The Court's review of Mr. Aguilar's opening briefs on direct appeal and in the state court postconviction proceedings confirms that he has not raised in the Colorado Court of Appeals the same free-standing double jeopardy claim he raises in claim one in the Application.  The fact that Mr. Aguilar raised and may have exhausted a claim that trial counsel was ineffective with respect to the double jeopardy issue does not satisfy the exhaustion requirement for a free-standing double jeopardy claim.  *See White v. Mitchell,* 431 F.3d 517, 525-526 (6th Cir. 2005) (claim that counsel was ineffective for failing to raise *Batson* challenge did not exhaust independent claim that prosecution improperly excluded women from the jury under *Batson*); *Rose v. Palmateer,* 395 F.3d 1108, 1112 (9th Cir. 2005) (claim that counsel was ineffective for failing to seek suppression of confession did not exhaust claim that confession was involuntary);

*Medicine Blanket v. Brill*, 425 F. App'x. 751, 754 (10th Cir. 2011) (unpublished) (concluding that habeas petitioner's exhaustion of ineffective assistance of counsel claim based on violation of his due process rights did not exhaust due process claim where petitioner failed to present a separate due process claim to state appellate court and claims were analytically distinct); *Cf. Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) (distinguishing between a Fourth Amendment suppression claim and a Sixth Amendment ineffective assistance claim based on failure to litigate competently the Fourth Amendment issue, and stating that "[w]hile defense counsel's failure to make a timely suppression motion is the primary manifestation of incompetence and source of prejudice advanced by respondent, the two claims are nonetheless distinct, both in nature and in the requisite elements of proof"). As noted above, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson*, 459 U.S. at 6. As a result, the Court finds that Mr. Aguilar fails to demonstrate he fairly presented claim one in the Application to the state courts.

**B.  Claim Two**

Mr. Aguilar contends in claim two that he was denied due process because the prosecution's testing of DNA evidence consumed the sample. Respondents contend that Mr. Aguilar failed to exhaust state remedies with respect to claim two because he raised the issue of the consumptive testing of DNA evidence solely in the context of a claim that counsel was ineffective by failing to have an expert observe the consumptive DNA testing. Respondents also contend that the Colorado Court of Appeals rejected the claim as successive on appeal from the denial of Mr. Aguilar's Rule 35(c) motion. Mr. Aguilar alleges in the Application that he exhausted state court remedies for claim two in the postconviction Rule 35(c) proceedings. (*See*

8

ECF No. 7 at 11.)

It is not clear to the Court that the specific issue raised by Mr. Aguilar in claim two in the Application was rejected by the Colorado Court of Appeals as successive.  However, based on the Court's review of Mr. Aguilar's opening brief on appeal from the denial of his Rule 35(c) motion, the Court agrees that Mr. Aguilar failed to raise claim two in the Application as a free-standing due process claim.  (*See* ECF No. 17-6 at 18-30.)  Mr. Aguilar also did not raise the claim on direct appeal.  (*See* ECF No. 17-2.)  Therefore, for the same reasons discussed above with respect to claim one, the Court finds that Mr. Aguilar fails to demonstrate he fairly presented claim two in the Application to the state courts.

**C.  Claim Three**

Mr. Aguilar contends in claim three that he was denied due process because the trial court allowed an expert witness to testify about population frequency statistics.  Respondents argue that Mr. Aguilar failed to exhaust state remedies with respect to claim three because, although the claim was raised on direct appeal, the Colorado Court of Appeals rejected the claim on an independent and adequate state law ground.  More specifically, the Colorado Court of Appeals rejected the claim because Mr. Aguilar failed to "provide[] citation to the record to support his contention that the expert improperly testified directly to the statistics."  (ECF No. 17-3 at 16.)  Mr. Aguilar alleges in the Application that he exhausted state court remedies for claim three in the postconviction Rule 35(c) proceedings. (*See* ECF No. 7 at 12.)

Mr. Aguilar's argument that claim three was raised and exhausted in the state court postconviction Rule 35(c) proceedings lacks merit because the only claims he raised on appeal from the denial of his Rule 35(c) motion were ineffective assistance of counsel claims.  (*See* ECF

No. 17-6.)  To the extent Mr. Aguilar may have argued that counsel was ineffective in connection with the expert witness' testimony about population frequency statistics, he fails to demonstrate that he raised and exhausted a free-standing due process claim with respect to the expert witness' testimony about population frequency statistics.  Therefore, for the same reasons discussed above with respect to claim one, Mr. Aguilar fails to demonstrate he exhausted state remedies for claim three in the state court postconviction Rule 35(c) proceedings.

Respondents are correct that Mr. Aguilar raised a federal constitutional claim on direct appeal relevant to the expert witness' testimony about population frequency statistics.  (*See* ECF No. 17-2 at 42-45.)  However, the Court also agrees with Respondents that the claim was not fairly presented to the Colorado Court of Appeals because the state court declined to consider the claim, noting that "Defendant has not provided citation to the record to support his contention that the expert improperly testified directly to the statistics."  *Aguilar I*, slip op. at 15 (ECF No. 17-3 at 16).  Therefore, the Court finds that Mr. Aguilar fails to demonstrate claim three is exhausted.

**D.  Claim Four**

Respondents concede that Mr. Aguilar raised claim four as a federal constitutional claim in the Colorado Court of Appeals on direct appeal.  However, Respondents contend that Mr. Aguilar failed to exhaust state remedies for claim four because he did not raise claim four in his petition for writ of certiorari to the Colorado Supreme Court after the Colorado Court of Appeals affirmed the judgment of conviction.

Respondents are correct that, in order to exhaust state court remedies, a claim must be

presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.

Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As Respondents concede, Mr. Aguilar fairly presented claim four to the Colorado Court of Appeals on direct appeal and relief was denied. Therefore, the Court finds that claim four is exhausted and the Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four

11

circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement.  *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  Therefore, the Court finds that claim four is exhausted.

### E.  Claims Five, Six, and Seven

Respondents concede that Mr. Aguilar has exhausted state remedies for claims five, six, and seven.

### F.  Claim Eight

Mr. Aguilar contends in claim eight that he was denied due process when the trial court failed to instruct the jury on the lesser included offense of manslaughter.  Respondents contend that Mr. Aguilar failed to exhaust state remedies with respect to claim eight because he raised the issue of the absence of a jury instruction on the lesser included offense of manslaughter solely in the context of a claim that trial counsel was ineffective by failing to tender an instruction on the lesser included offense of manslaughter.  Mr. Aguilar alleges in the Application that he exhausted state court remedies for claim eight in the postconviction Rule 35(c) proceedings. (*See* ECF No. 7 at 13.)

Based on the Court's review of Mr. Aguilar's state court appellate briefs, the Court agrees that Mr. Aguilar failed to raise claim eight in the Application on appeal from the denial of his Rule 35(c) motion as a free-standing due process claim.  (*See* ECF No. 17-6 at 38-39.)  Mr. Aguilar also did not raise the claim on direct appeal.  (*See* ECF No. 17-2.)  Therefore, for the same reasons discussed above in the context of claim one, the Court finds that Mr. Aguilar also

fails to demonstrate he fairly presented claim eight in the Application to the state courts.

## G.  Claim Nine

Respondents concede that Mr. Aguilar has exhausted state remedies for claim nine.

## V.  PROCEDURAL DEFAULT

Although Mr. Aguilar failed to exhaust state remedies for claims one, two, three, and eight, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Aguilar no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  Respondents contend that Mr. Aguilar no longer has an adequate and effective state remedy available to him, and that the unexhausted claims are procedurally defaulted, because Mr. Aguilar is barred from raising the unexhausted claims in a new postconviction motion.  The Court agrees because Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure requires state courts in Colorado to deny any claim that could have been raised in a prior appeal or postconviction proceeding.  As a result, it is clear that Mr. Aguilar may not return to state court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on

comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr.

Aguilar's *pro se* status does not exempt him from the requirement of demonstrating either cause

and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128,

1130 (10th Cir. 1994).  Furthermore, even if the unexhausted claims have not actually been raised

and rejected by the state courts, the claims still are subject to an anticipatory procedural default if

it is clear that the claims would be rejected because of an independent and adequate state

procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

The Court finds that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is

independent because it relies on state rather than federal law.  The Court also finds that this

procedural rule is adequate because it is applied evenhandedly by Colorado courts. *See, e.g.,*

*People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rule 35(c)(3)(VII) to

reject claims that could have been raised in a prior postconviction motion).  In addition, Mr.

Aguilar presents no argument that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal

Procedure is not independent and adequate.  Therefore, claims one, two, three, and eight are

procedurally defaulted and cannot be considered unless Mr. Aguilar demonstrates either cause

and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Aguilar must show that some

objective factor external to the defense impeded his ability to comply with the state's procedural

rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause

include interference by officials that makes compliance with the State's procedural rule

impracticable, and a showing that the factual or legal basis for a claim was not reasonably

available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation

marks omitted).  If Mr. Aguilar can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Aguilar raises no argument that might demonstrate good cause for his procedural default or any resulting prejudice.  He also fails to demonstrate or argue that a failure to consider his unexhausted claims will result in a fundamental miscarriage of justice.  Therefore, the Court finds that claims one, two, three, and eight in the Application are procedurally barred.

## VI.  CONCLUSION

In summary, Mr. Aguilar's amended motion for a stay will be denied.  Respondents do not raise the one-year limitation period as an affirmative defense and Respondents concede that claims five, six, seven, and nine are exhausted.  The Court also finds that claim four is exhausted.  However, claims one, two, three, and eight will be dismissed as unexhausted and procedurally barred.  Accordingly, it is

**ORDERED** that the amended motion for a stay (ECF No. 22) is DENIED.  It is further

**ORDERED** that claims one, two, three, and eight in the Application are DISMISSED because those claims are unexhausted and procedurally barred.  It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims.  It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

15

DATED this 28th day of August, 2013.

BY THE COURT:

Marcia S. Krieger
Chief United States District Judge